```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
PAYMAN NORASTEH,                     : 10 Civ. 2226 (DAB) (JCF)
                                     :
          Plaintiff,                 :       REPORT AND
                                     :      RECOMMENDATION
     - against -                     :
                                     :
UNITED STATES DEPARTMENT OF          :
EDUCATION,                           :
          Defendant.                 :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

Payman Norasteh brings this action pro se, claiming that the United States Department of Education (the "DOE") wrongfully garnished his wages to satisfy his outstanding student loans. The plaintiff seeks an order rescinding the DOE's decision to garnish his wages and requests an injunction to prevent further wage garnishment. Liberally construed, his complaint appears to assert due process claims under the Fifth Amendment to the United States Constitution and claims pursuant to the Administrative Procedure Act (the "APA"), 5 U.S.C. § 706.

The DOE now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and to dismiss the plaintiff's request for injunctive relief pursuant to Rule 12(b)(1). For the following reasons, the defendant's motion for summary judgment should be granted.

Background

On September 6, 2001, Mr. Norasteh signed a promissory note

for two student loans totaling $101,753.82. (Declaration of Alberto Francisco dated Sept. 27, 2010 ("Francisco Decl."), ¶¶ 4-5). He defaulted on these loans on October 25, 2005. (Francisco Decl., ¶ 5). On August 31, 2006, the DOE notified Mr. Norasteh of its intent to collect the unpaid balance through wage garnishment. (Francisco Decl., ¶ 7). The plaintiff responded by objecting to garnishment and requesting an in-person hearing. (Letter of Payman Norasteh dated Sept. 23, 2006, attached as Exh. E to Francisco Decl.; Francisco Decl., ¶ 8).

Following a hearing,, the DOE issued a decision on November 16, 2006 holding that Mr. Norasteh's wages are subject to garnishment at a rate of fifteen percent of his disposable pay. (Garnishment Hearing Decision dated Nov. 16, 2006 (the "Garnishment Decision"), attached as Exh. F to Francisco Decl.). The DOE denied Mr. Norasteh an in-person hearing on the ground that he had failed to substantiate his claims. (Garnishment Decision at 1). Instead, the DOE based its decision on a written records hearing through which it determined that Mr. Norasteh's loans were valid and past due in the amount of $128,849.31. (Garnishment Decision at 1).

The Garnishment Decision also rejected Mr. Norasteh's objections based on (1) his inability to obtain employment in his field of study and (2) financial hardship. (Garnishment Decision at 2-3). With respect to the first objection, the DOE explained

2

that no law or regulation governing the DOE's student loan programs relieves a borrower from the obligation to repay loans merely because the borrower was unable to obtain employment, let alone employment in his field of study. (Garnishment Decision at 3). As for Mr. Norasteh's claim of financial hardship, the DOE explained that he had failed to substantiate his purported income and expenses with the types of documents the DOE had requested. (Garnishment Decision at 2-3). The Garnishment Decision provided that the plaintiff could request reconsideration of the matter supported by evidence not previously submitted. (Garnishment Decision at 4).

On December 9, 2006, Mr. Norasteh requested reconsideration on the grounds he had previously asserted -- inability to obtain employment in his field of study and financial hardship. (Letter of Payman Norasteh dated Dec. 9, 2006 ("Norasteh 12/9/06 Letter"), attached as Exh. A to Objection to Defendant's Motion for Summary Judgment ("Pl. Memo.")). He alleges that the DOE granted reconsideration by scheduling an in-person hearing for the summer of 2007 only to reschedule and then cancel the hearing. (Letter of Payman Norasteh dated May 28, 2009 ("Norasteh 5/28/09 Letter"), attached to Complaint, at 2; Pl. Memo. at 2). However, on August 20, 2009, the DOE denied Mr. Norasteh's request for reconsideration on the ground that he had not offered new evidence but merely

3

provided documents already considered in the Garnishment Decision. (Letter of the DOE dated Aug. 20, 2009 ("DOE 8/20/09 Letter"), attached as Exh. B to Pl. Memo.).

At the time of the wage garnishment proceedings, the DOE also initiated a treasury offset proceeding against Mr. Norasteh. On August 22, 2006, the DOE notified him of its intent to collect his outstanding debt by offsetting his tax refunds. (Francisco Decl., ¶ 11). The DOE granted Mr. Norasteh's request for an in-person hearing, which commenced on July 15, 2008. (Francisco Decl., ¶¶ 12-13). The DOE thereafter issued a decision determining that it would request the United States Department of the Treasury to offset his tax refunds. (Treasury Offset Hearing Decision dated Sept. 29, 2008, attached as Exh. K to Francisco Decl., at 2).

On June 12, 2009, the DOE began to garnish Mr. Norasteh's wages. (Francisco Decl., ¶ 10). The plaintiff then commenced this lawsuit.

Discussion

  A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" where "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009), and a material fact is one that "'might affect the outcome of the suit under the governing law.'"  Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson, 477 U.S. at 248).  In assessing the record to determine whether there is a genuine issue of material fact, the court "must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party."  McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006).

The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), following which the opposing party must come forward with specific facts showing a genuine issue for trial.  The parties can support their claims with discovery materials, stipulations, affidavits, or other evidence, see Fed. R. Civ. P. 56(c)(1)(A); however, "'only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment,'" Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) (quoting Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997)).  Thus, the parties cannot rely on "'conclusory allegations or unsubstantiated speculation'" to

5

support or defeat a motion for summary judgment. Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 428 (2d Cir. 2001)).

Where a litigant is pro se, his pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, proceeding pro se does not relieve a litigant from the usual requirements of summary judgment, and a pro se party's "'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

B.  Due Process

Mr. Norasteh's pleadings appear to assert due process claims under the Fifth Amendment. Due process requires notice and an opportunity to respond. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985). In accordance with Section 3720D of Title 31 of the United States Code, the DOE notified Mr. Norasteh of its intent to initiate wage garnishment proceedings. (Francisco Decl., ¶ 7). It then provided him with a written records hearing. (Francisco Decl., ¶ 9). This procedure does not violate due process. E.g., Pageus v. United States Department of

6

Education, No. 1:07-cv-03167, 2010 WL 731590, at *5 (N.D. Ga. Feb. 25, 2010) ("Due process does not require that the Department of Education provide Plaintiff with an oral hearing."). Furthermore, the DOE provided Mr. Norasteh with a written determination that included the reasoning underlying its decision and instructions on how to request reconsideration. (Garnishment Decision). In sum, due process was satisfied through the notice of impending wage garnishment, the opportunity to be heard through the written records hearing, and this further opportunity for court review of the Garnishment Decision. See Gaddy v. United States Department of Education, No. 08 CV 573, 2010 WL 1049576, at *4 (E.D.N.Y. March 22, 2010) (finding no due process violation where defendant's wages were garnished following notice, opportunity for hearing, and right to request reconsideration); Catto v. Duncan, No. 05 Civ. 7364, 2009 WL 928094, at *3 (S.D.N.Y. March 31, 2009) (dismissing due process claims raised against DOE in connection with wage garnishment because plaintiff had opportunity for hearing and for review of wage garnishment decision).

Mr. Norasteh alleges that as a result of his December 2006 letter, the DOE granted his request to retract the Garnishment Decision until further review. This assertion is unsupported and contrary to the record. First, the December 2006 letter does not contain such a request, but simply asks for reconsideration of the

Garnishment Decision. (Norasteh 12/9/06 Letter). Furthermore, the Garnishment Decision recites that the "request for consideration or reconsideration will not delay or cancel the wage withholding." (Garnishment Decision at 4).

The plaintiff further contends that the DOE violated his due process rights by failing to notify him that it was going to conduct the treasury offset hearing not solely to determine the treasury offset matter, but also to determine whether to continue garnishing his wages. However, the record does not suggest that there was any interplay between these two proceedings. Rather, the record reveals that the DOE sent Mr. Norasteh separate notices of its intent to initiate each proceeding and issued separate decisions for each matter. (Francisco Decl., ¶¶ 7, 9, 11, 15). There is no mention of wage garnishment in any of the treasury offset communications. Furthermore, the Garnishment Decision recites that wage garnishment is "totally separate from any notice of proposed federal payment offset." (Garnishment Decision at 5). Mr. Norasteh also concedes that during the treasury offset hearing, the hearing officer assured him that the proceeding exclusively concerned tax withholdings. (Norasteh 5/28/09 Letter at 2). In sum, there is nothing to suggest that the treasury offset hearing affected the DOE's determination to continue with wage garnishment. Accordingly, the DOE's motion for summary judgment should be

granted with respect to Mr. Norasteh's due process claims.

    C.  <u>Administrative Review</u>

Mr. Norasteh also requests review of the Garnishment Decision and the denial of reconsideration. Under the APA, decisions of government agencies are not subject to <u>de novo</u> review. Rather, a federal court may overturn an agency decision only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "Review under this provision is 'narrow,' limited to examining the administrative record to determine 'whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" <u>Natural Resources Defense Council, Inc. v. Muszynski</u>, 268 F.3d 91, 97 (2d Cir. 2001) (quoting <u>City of New York v. Shalala</u>, 34 F.3d 1161, 1167 (2d Cir. 1994)). A decision is arbitrary and capricious when the agency

> has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

<u>Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.</u>, 463 U.S. 29, 43 (1983); <u>accord</u> <u>Karpova v. Snow</u>, 402 F. Supp. 2d 459, 466 (S.D.N.Y. 2005), <u>aff'd</u>, 497 F.3d 262 (2d Cir. 2007). The plaintiff bears a

"heavy burden of proof under this deferential standard." Catto, 2009 WL 928094, at *4.

### 1. Garnishment Decision

The Garnishment Decision recites that it was rendered after "careful review" of Mr. Norasteh's arguments and "all available records related to [his] account, including those submitted by [him] and those held by the [DOE]." (Garnishment Decision at 1). Specifically, the hearing officer considered: (1) Mr. Norasteh's request for a hearing; (2) his September 23, 2006 letter to the DOE; (3) his social security earning record; and (4) the DOE's computer database, which included an entry indicating the first and last loan disbursement dates and the plaintiff's default date. (Garnishment Decision at 1; R116-FDSL Program Specific Screen, attached as Exh. B to Francisco Decl.). The Garnishment Decision noted that Mr. Norasteh did not present any evidence to dispute the validity of the records or his signed promissory note. Such records are sufficient to support the validity of the debt and determine Mr. Norasteh's default and past due amounts. See Gaddy, 2010 WL 1049576, at *5 (finding similar evidence to be sufficient); Catto, 2009 WL 928094, at *5 (same). Indeed, the plaintiff does not dispute the validity of his student loans or the fact of his default.

In the Garnishment Decision, the DOE based its rejection of

Mr. Norasteh's financial hardship claims on his failure to provide supporting documents. (Garnishment Decision at 2-3). This was not arbitrary, capricious, or contrary to law. See Sibley v. United States Department of Education, 913 F. Supp. 1181, 1187 (N.D. Ill. 1995) (noting that administrative law judge properly discounted several of plaintiff's purported expenses, for which proof was lacking, in determining financial hardship), aff'd, 111 F.3d 133 (7th Cir. 1997). In the absence of specific facts or evidence to suggest that the Garnishment Decision was arbitrary and capricious, Mr. Norasteh's allegations are merely conclusory. See Sanon v. Department of Higher Education, No. 06 CV 4928, 2010 WL 1049264, at *6-7 (E.D.N.Y. March 18, 2010) (dismissing APA claim challenging wage garnishment as merely conclusory). Accordingly, the DOE's motion for summary judgment should be granted to the extent Mr. Norasteh seeks relief from the Garnishment Decision.

   2.   Denial of Reconsideration

Finally, Mr. Norasteh alleges that the DOE granted reconsideration of the Garnishment Decision only to reschedule and then cancel it. Requests for reconsideration are within the administrative agency's discretion, and an agency's denial of reconsideration is not reviewable unless it is the "'clearest abuse of discretion.'" Interstate Commerce Commission v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 278 (1987) (quoting United

11

States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 535 (1946)); accord AT&T Corp. v. Federal Communications Commission, 363 F.3d 504, 509 (D.C. Cir. 2004); see also Campus Travel, Inc. v. United States, 224 F. Supp. 146, 149 (S.D.N.Y. 1963) ("[R]equests for rehearing are addressed to the sound discretion of the administrative body."). The DOE based its denial of reconsideration on Mr. Norasteh's failure to submit new evidence despite being instructed to do so. (DOE 8/20/09 Letter). This is not an abuse of discretion. Accordingly, the DOE's motion for summary judgement should be granted to the extent Mr. Norasteh seeks relief from the denial of reconsideration of the Garnishment Decision.

Conclusion

For the reasons set forth above, I recommend that the defendant's motion for summary judgment be granted in all respects.[1]  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the

---

[1] In light of this recommendation, it is unnecessary to address the defendant's motion to dismiss the claim for injunctive relief.

12

chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                                Respectfully submitted,

                                JAMES C. FRANCIS IV
                                UNITED STATES MAGISTRATE JUDGE

Dated:          New York, New York
                March 18, 2011

Copies mailed this date to:

Payman Norasteh
340 West 15th Street, Apt. #6
New York, New York 10011

Ellen Blain, Esq.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007