USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PAYMAN NORASTEH,

               Plaintiff,          10 CV 2226 (DAB)
-against-                             ORDER

UNITED STATES DEPARTMENT OF
EDUCATION,

               Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

On March 18, 2011, United States Magistrate Judge James C. Francis issued a Report and Recommendation ("Report"), recommending that Defendant's Motion for Summary Judgment be GRANTED in its entirety. (Report at 1.) For the reasons set forth below, after appropriate review following the objections of Parties, the Report and Recommendation of Magistrate Judge Francis dated March 18, 2011 shall be adopted as to its factual recitations (id. at 1-4), and its findings and recommendations regarding Plaintiff's substantive legal claims (id. at 1, 4-12). Accordingly, the Court grants Defendants' Motion for Summary Judgment in its entirety.

I.   Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded

leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

The Federal Rules of Civil Procedure establish a presumption that items sent by mail are received within three days. See, e.g., Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1, 104 S.Ct. at 1724 n. 1 (citing Fed. R. Civ. P. 6(e)). In any event, Pro Se Plaintiff admits having received a copy of the Report no later than March 24, 2011. Letter from Plaintiff to Pro Se Office, dated April 12, 2011, at 1 ("Dated March 18th, 2011 and sent by U.S. Postal Service First Class mail, Magistrate's recommendation arrived nearly a week later on Thursday, March 24th when I received it at about 9 p.m.). Accordingly, Plaintiff was given adequate notice that Objections were to be filed no later than April 4, 2011. Report at 12 ("[T]he parties shall have fourteen (14) days from [March 18,

2011] to file written objections. . . Such objections shall be filed with the Clerk of the Court. . ."). The Report also warned Plaintiff that failure to file timely objections would preclude appellate review. Report at 13.

Plaintiff's Objections, filed April 6, 2011, were untimely. Further, because Plaintiff has not submitted a memorandum of law in support of his position, has not cited to any legal authority that might compel a different result, and has failed to point to any citation in the record where Magistrate Judge Francis erred in either his findings of fact or conclusions of law, Plaintiff's conclusory objections would not assist the Court in its review of the Report even if they had been filed timely. Accordingly, this Court disregards Plaintiff's Objections and reviews the Report for clear error.

II.  Conclusion

This Court having reviewed the Report and Recommendation and having found no clear error on the face of the record, it is hereby ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge James C. Francis IV dated March 18, 2011 shall be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety;

2.   Pursuant to Magistrate Judge Francis's recommendation, Defendant's Motion for Summary Judgment is GRANTED in its entirety;

3.   Because Plaintiff filed no timely Objections, despite the Report's warning that failure to file timely Objections would waive appellate review, no certificate of appealability shall issue.  The Court certifies that any appeal from this Order or from the Report would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

4.   The Clerk of the Court is directed to close the docket in this case.

SO ORDERED.

Dated:   New York, New York

June 22, 2011

*Deborah A. Batts*

DEBORAH A. BATTS

United States District Judge